UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PINKZEBRA MUSIC, LLC, | ) |
| | ) |
| Plaintiff, | ) Case No.: 16-cv-11099 |
| | ) |
| v. | ) Judge: Hon. Joan B. Gottschall |
| | ) |
| SHENZHEN WONDERSHARE INFORMATION TECHNOLOGY CO. LTD., WONDERSHARE SOFTWARE CO., ISKYSOFT STUDIO, and AIMERSOFT STUDIO, | ) ) ) ) ) |
| Defendants. | ) |

## SEALED TEMPORARY RESTRAINING ORDER

On December 7, 2016, this case came before the Court on Plaintiff Pinkzebra Music, LLC ("Pinkzebra")'s *ex parte* Motion for Entry of a Temporary Restraining Order, including a temporary injunction against Defendants enjoining the manufacture, importation, distribution, offering for sale and sale of its software incorporating Pinkzebra's copyrighted music tracks, a temporary asset restraint, expedited discovery, and service of process by email in an action arising under the Copyright Act, 17 U.S.C. § 101 et seq., and Illinois common law. The court also heard Pinkzebra's Motion for Leave to File Under Seal.

In support of the motion, Pinkzebra submitted the undated declaration of Sam Struyk ("Struyk declaration") consisting of 5 pages and 26 numbered paragraphs, the declaration of Brian T. Noack dated December 5, 2016 ("Noack declaration"), and a total of nine exhibits. Based on the evidence submitted in support of the instant motions and Pinkzebra's representations therein and at the hearing held December 7, 2016, the court finds as follows:

1

1. Pinkzebra has a substantial likelihood of success on the merits of its copyright-infringement claims and claim for an equitable accounting of Defendants' profits.

    a. Struyk avers that on October 27, 2016, he assigned to Pinkzebra the copyright to three musical works he composed entitled: "Larger Than Life," "Walk Through Life," and "Spooky Fun." This order refers to the three musical compositions made the subject of this suit as "the music" or "the music tracks." (*See* Struyk Decl. Ex. A.)

    b. Defendants sell video-editing software packages over the Internet called Filmora, Aimersoft, and iSkysoft. Among other things, Defendants' software allows an end user to add audio tracks to play as background music in videos.

    c. Struyk offers the music tracks for licensing on popular websites such as AudioJungle. The licenses do not permit embedding of the music tracks in software packages. (*See* Struyk Decl. Ex. B at 2.) Neither Struyk nor Pink Zebra has granted Defendants a license to use the music tracks.

    d. Struyk avers, based on personal knowledge, that Defendants' software programs incorporate the music tracks. (Struyk Decl. ¶ 15.)

2. At the Temporary Restraining Order Stage, Pinkzebra lacks an adequate remedy at law and will likely suffer irreparable injury in the form of "lack of quality control, damage to Pinkzebra's reputation, loss of exclusivity, marketing damages, loss of control over the integrity of its work, and loss of future sales." (Pl.'s Memo. at 15.) *See JCW Inv., Inc. v. Novelty, Inc.*, 222 F. Supp. 2d 1030, 1036 (N.D. Ill. 2002) (citing *Ty, Inc. v. GMA Access., Inc.*, 959 F. Supp. 936, 943 (N.D. Ill. 1997)); *but see Frerck v. John Wiley & Sons, Inc.*, 850 F. Supp. 2d 889, 894-96 (N.D. Ill. 2012).

3. Pinkzebra will also likely suffer irreparable injuries for which it lacks an adequate remedy at law if Defendants' assets are not temporarily frozen to prevent their transfer. Pinkzebra contends that if Defendants receive notice of this lawsuit, they will likely transfer assets to foreign bank accounts from which collection will be difficult or impossible and switch their operations to new trade names and websites. (Noack Decl. ¶¶ 3-5.) Pinkzebra premises its contentions on allegations that Defendants operate shell businesses as little more than counterfeiters. With the exception of Wondershare Software Co. Ltd. ("Wondershare Software"), Defendants are foreign corporations incorporated in China with their headquarters in China. Wondershare Software's corporate headquarters is allegedly located at 10685-B Hazelhurst Dr., Houston, Texas 77043. (Compl. ¶ 3.) That address, according to Pinkzebra, serves as no more than a mail drop. At the hearing held December 7, 2016, Noack represented that he conducted a reasonable search of public records and Internet resources but found substantially less information about Defendants than, in his experience, would be typically available about legitimate businesses producing software as complex as the video-editing suites Defendants sell. For example, Noack could not locate information about corporate officers or employees of Defendants other than one individual common to all the defendants, Tobee Wu, who has an address in China. Noack would expect to find addresses for one or more corporate offices at which software is developed and the names of key corporate officers. Based on the foregoing evidence and representations, the court finds that Pinkzebra has adequately supported its contention to warrant a temporary restraining order freezing Defendants' assets.

4. The balance of harms and public interest favors issuing a temporary restraining order subject to a $10,000 bond. The court is nevertheless mindful of the substantial disruptive effect an asset freeze may have on Defendants' businesses, particularly given the fact that three music tracks, rather than Defendants' software in its entirety, allegedly infringes Pinkzebra's copyrights. The court accordingly sets a bond.

5. Given Pinkzebra's particularly high likelihood of success on the merits, the court is persuaded that the sliding scale tips in favor of entering a temporary restraining order here. *See Spinmaster, Ltd. v. Overbreak LLC*, 404 F. Supp. 2d 1097, 1102 (N.D. Ill. 2006) (citations omitted) (explaining that preliminary-injunction analysis of copyright-infringement claims requires the court to "weigh all four of the factors against each other, so that the more likely that a plaintiff will succeed on the merits, the less the balance of harms needs to weigh in the plaintiff's favor").

6. For the reasons stated in paragraphs 2 and 3, the court issues this temporary restraining order without notice. (*See* Fed. R. Civ. P. 65(b)(2)). Noack's declaration states that he has not made efforts to give notice and that notice should not be required to avoid the reasonable possibility of Defendants transferring their assets upon receiving notice of this action. *See* Fed. R. Civ. P. 65(b)(1)(B).

Based on the foregoing, the court GRANTS Plaintiff's *ex parte* Motion in part and denies it in part. Accordingly and pursuant to 17 U.S.C. § 502, the court orders that:

Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

   a. Using, distributing, offering for sale, selling, and otherwise making available unlicensed, counterfeit, and/or pirated copies of Pinkzebra's copyrighted music tracks;

   b. inducing, contributing, or enabling, whether vicariously or contributorily, others to sell, use, or otherwise make available any of Pinkzebra's copyrighted music tracks;

   c. Using, distributing, offering for sale, and selling the "Summer Collection" and "Halloween Video Effects" packages, which include Pinkzebra's copyrighted music tracks;

   d. Using, distributing, offering for sale, and selling any software including Pinkzebra's copyrighted music tracks, in particular: Filmora, Aimersoft, and iSkysoft; and

   e. infringing Pinkzebra's copyright on its music tracks.

7. In accordance with Federal Rule of Civil Procedure 26(d)(1), the court authorizes Pinkzebra to conduct limited discovery tailored strictly to determining the location and extent of Defendants' assets. Pinkzebra may not use discovery material obtained under this order for any other purpose and may not disclose it to any third party other than the court and its employees, Pinkzebra's counsel of record, and Pinkzebra's agents or employees. Within the scope of discovery authorized, Pinkzebra may provide actual notice, pursuant to subpoena, email or otherwise, of this Order to any of the following:

   a. Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them;

    b. banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, or other merchant account providers, payment providers, third party payment processors, and credit card associations (e.g., MasterCard and VISA) that receive payments or hold assets on Defendants' behalf; or

    c. third party service providers, including, without limitation, the online B2B selling platforms including Internet service providers, backend service providers, web designers, sponsored search engine or ad-word providers, domain name registrars, and domain name registries who have provided services for Defendants.

8. Any third party providing services in connection with any of the Defendants, including, without limitation, Internet service providers, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers, including PayPal, third party processors and other payment processing service providers, domain name registrars and domain name registries (collectively, "Third Party Providers") shall, within two (2) business days after receipt of such notice, provide to Pinkzebra copies of all documents and records in such person's or entity's possession or control relating to:

    a. The identities and addresses of Defendants, their agents, servants, employees, confederates, attorneys, and any persons and entities acting in concert or participation with them and the locations and identities of Defendants' operations, including, without limitation, identifying information associated with Defendants' financial accounts, websites, and software;

    b. Defendants' websites and software; and,

6

    c. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Western Union, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

9. Defendants and any persons in active concert or participation with them shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

10. After receiving actual notice of this order under Fed. R. Civ. P. 65(d)(2), any banks, savings and loan associations, payment processors, PayPal or other financial institutions, for any Defendant or any of Defendants' websites acting in active concert or participation with Defendants shall within two (2) business days:

    a. Locate all accounts connected to Defendants or Defendants' websites; and,

    b. Restrain and enjoin such accounts from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

11. Pinkzebra may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed. R. Civ. P. 4(f)(3), by emailing the Complaint, this Order, and all documents filed in this action to Defendants. In addition, Plaintiff must serve the summons and complaint on all foreign corporations in accordance with the Hague Convention or another means authorized by Federal Rule of Civil Procedure 4(f)(1)–(2). Plaintiff must also serve the summons and

complaint on Wondershare Software in accordance with Federal Rule of Civil Procedure 4(h) in addition to service by electronic mail.

12. Within 24 hours after the entry of this order, Pinkzebra shall deposit into the registry of the court Ten Thousand dollars ($10,000.00), either cash or surety bond, as security, which amount the court has determined is adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder. This finding, however, shall not limit any party's ability to obtain damages for a wrongful restraint in excess of $10,000.

13. Any Defendants that are subject to this Order may appear and move to dissolve or modify this Order on two days' notice to Plaintiff or on short notice as set by this Court.

14. This Temporary Restraining Order without notice is entered at 10:30 A.M. on this 9th day of December 2016 and shall remain in effect for the earlier of twelve (12) days or until a preliminary injunction hearing is held.

Based on the foregoing, the court finds that good cause exists for this case to remain sealed until no later than the time at which the plaintiff gives notice of the pendency of this action to one or more of the defendants. The plaintiff's motion to seal is therefore granted. Plaintiff must immediately notify the court if that occurs before the expiration of this temporary restraining order. This action will be unsealed three days after the expiration of this temporary restraining order unless the court orders otherwise.

Pursuant to Federal Rule of Civil Procedure 65(b)(3), a preliminary injunction hearing is set for December 21, 2016 at 9:30 A.M. Plaintiff is reminded that "[t]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). If the

plaintiff seeks a preliminary injunction at the hearing, it must prove that Defendants have received the notice required by Rule 65(a)(1).

Date: December 9, 2016
Time: 10:30 A.M.

_____
U.S. District Court Judge Joan B. Gottschall

9