UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PINKZEBRA MUSIC, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHENZHEN WONDERSHARE )<br>INFORMATION TECHNOLOGY CO. LTD., )<br>WONDERSHARE SOFTWARE CO., )<br>ISKYSOFT STUDIO, and AIMERSOFT )<br>STUDIO, )<br>)<br>Defendants. ) | Case Number: 16-cv-11099<br><br>Judge: Hon. Joan B. Gottschall |

**DECLARATION OF BRIAN T. NOACK IN SUPPORT OF PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION**

1. I am an attorney with the law firm of Wolek & Noack and counsel for Plaintiff PINKZEBRA MUSIC, LLC ("Pinkzebra") in this case. I make this declaration from my personal knowledge and, if called upon to do so, could and would competently testify to the matters set forth herein in a court of law.

2. A February 2011 report commissioned by Business Action to Stop Counterfeiting and Piracy (BASCAP) entitled Estimating the Global Economic and Social Impacts of Counterfeiting and Piracy" included findings that counterfeit and pirated products account for an estimated $650 billion in losses in international trade, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue, of more than $125 billion every year. That figure is expected to increase each year. A true and correct copy of this report is attached hereto as Exhibit A.

3. In my experience of working with and observing counterfeiters and music piracy, counterfeiters use a variety of tactics to evade enforcement efforts, including registering online

marketplace accounts under new aliases once they receive notice of a lawsuit.

      4.      Once notice of a lawsuit is received, counterfeiters/music pirates frequently move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court.

      5.      For these reasons, in the absence of an Order, Defendants could and likely would move any assets from accounts in U.S.-based financial institutions, including PayPal accounts, to offshore accounts.

      6.      I have accessed the Internet Corporation for the Assigned Names and Numbers ("ICANN") website at www.icann.org in order to download the ICANN Registrar Accreditation Agreement. A true and correct copy of the ICANN Registrar Accreditation Agreement is attached hereto as Exhibit B. According to Section 3.7.7.1 of the Registrar Accreditation Agreement established by ICANN, an individual or entity that registers a domain name is required to provide "accurate and reliable contact details and promptly correct and update them during the term of the…registration, including…postal address."

      7.      I have reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"), to which China is a signatory. The Hague Convention does not preclude service by email, and the declarations to the Hague Convention filed by China do not appear to expressly prohibit email service. A true and correct copy of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, and a list of signatory members, are collectively attached hereto as Exhibit C.

      8.      I have researched whether the issuance of an order to serve process upon the Defendants by electronic mail pursuant to Fed. R. Civ. P. 4(f)(3) is contrary to or likely to offend the law of the People's Republic of China (the "PRC"). I located an English language version of

the current Civil Procedure Law of the PRC, which was adopted on April 9, 1991. A true and correct copy of the Civil Procedure Law downloaded from Chinacourt.org, a website sponsored by the Supreme People's Court of the PRC, is attached hereto as Exhibit D. Chapter VII, Section 2, of the Civil Procedure Law governs service of process. I am informed and believe that the law does not preclude the service of process by email and allows for alternate service of process in certain circumstances.

9. Exhibit E is a true and correct copy of a screenshot showing the number of downloads of the Summer Collection from WonderShare's Filmora software.

10. Exhibit F is a true and correct copy of a screenshot showing the number of downloads of the Halloween Collection from WonderShare's Filmora software.

11. Exhibit G is a true and correct copy of the unpublished decisions cited in Pinkzebra's Memorandum in Support of its Motion for TRO.

12. Exhibit H is a true and correct copy of the email Pinkzebra received from Justin Chen, Wondershare's in-house counsel on December 14, 2016.

13. Exhibit I is a true and correct copy of the emails received from Michael Robins, attorney for Defendants.

14. My partner, Adam Wolek, and I have conducted numerous calls with Michael Robins, counsel for Defendants.

15. Exhibit J is a true and correct copy of a screenshot of Wondershare's EULA on its website www.wondershare.com, expressly naming Pinkzebra and its music tracks "Walk Through Life" and "Larger Than Life."

16. Exhibit K is a true and correct copy of a screenshot showing Pinkzebra's copyrighted music tracks still available for download as of December 20, 2016.

17. An attorney from PayPal has confirmed that Defendants have at least one account with PayPal and that PayPal has frozen it.

18. Exhibit L is a true and correct copy of the emails sent to email addresses on Defendants' websites.

19. I have spoken with Ron Harris of The Civil Process Company in Houston Texas, who attempted service of the pleadings on Wondershare Software Co.'s Houston, Texas address. Mr. Harris informed me that there is no office at the listed address and that it is no more than a mailbox.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 20, 2016          RESPECTFULLY SUBMITTED,

By: /s/ Brian T. Noack
Brian Noack
Adam Wolek
WOLEK & NOACK
333 S Wabash Ave., Suite 2700
Chicago, IL 60604
P 312.860.9006
F 708.843.0509
***Attorneys for Plaintiff PINKZEBRA MUSIC, LLC***

## CERTIFICATE OF SERVICE

The undersigned certifies that, on December 20, 2016, he caused this document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to counsel of record for each party.

Dated: December 20, 2016                          WOLEK & NOACK

                                                       By: /s/ Brian T. Noack
                                                       Brian T. Noack