**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PINKZEBRA MUSIC, LLC, ) | |
| ) | |
| Plaintiff, ) | Case No.: 16-cv-11099 |
| ) | |
| v. ) | Judge: Hon. Joan B. Gottschall |
| ) | |
| SHENZHEN WONDERSHARE ) | |
| INFORMATION TECHNOLOGY CO. LTD., ) | |
| WONDERSHARE SOFTWARE CO., ) | |
| ISKYSOFT STUDIO, and AIMERSOFT ) | |
| STUDIO, ) | |
| Defendants. ) | |

**PLAINTIFF PINKZEBRA MUSIC, LLC'S EMERGENCY MOTIONS FOR CONTEMPT**
**OF THE COURT'S TRO, TO COMPEL DISCOVERY, AND FOR SANCTIONS**

Plaintiff Pinkzebra Music, LLC ("Pinkzebra"), by and through its attorneys, Wolek &

Noack, respectfully requests that Defendants be compelled to produce discovery in compliance

with this Court's Orders, held in contempt for failing to comply with this Court's Orders, and

sanctioned for ███████████████████ in direct contravention of this Court's Orders.

Counsel for Pinkzebra has repeatedly spoken with Defendants' counsel, emailed numerous

times, but has been unable to get information from Defendants, or cause them to obey the

Court's Temporary Restraining Order.

**BACKGROUND**

Pinkzebra filed the instant lawsuit on December 6, 2016, (Dkt. 1), along with a Motion

for an *ex parte* Temporary Restraining Order. (Dkt. 8.) Pinkzebra's Motion was granted in part

on December 7, 2016, (Dkt. 19), and was entered by the Court on December 9, 2016. (Dkt. 14.)

The Court also set a preliminary injunction hearing for December 21, 2017. *Id.* Immediately

thereafter, Pinkzebra served a number of financial institutions with the Court's Temporary

1

Restraining Order (the "TRO"), including PayPal. Defendants in-house counsel contacted

Pinkzebra on December 14, 2016, stating that PayPal had provided him with Pinkzebra's

counsels' contact information and notified him of the seizure. Exh. A. Pinkzebra responded the

same day, and also sent a copy of the Complaint, the TRO, and a link to all of the other filings in

this matter, including sending it to Defendants' in-house counsel and serving all of Defendants

independently as well. *Id.* On December 19, 2016, Defendants' outside counsel, Michael Robins,

contacted Pinkzebra and stated that he had read the TRO and spoken with the client. Pinkzebra

followed up with an email later that day and again sent a copy of the TRO and all pleadings.

Exh. B. Defendants' counsel filed his appearance the next day on December 20, 2016. (Dkt. 21.)

At the December 21, 2016 hearing, Defendants requested that the Preliminary Injunction hearing

be moved to February 21, 2016, and that the TRO be extended and the "status quo" kept until the

preliminary injunction hearing. The Court granted this request in its December 21, 2016 Order.

(Dkt. 28.)

On December 22, 2016, and continued on December 23, 2016, the Court held a contempt

hearing, at which time it again ordered Defendants to comply with the TRO, and in particular, to

stop selling Pinkzebra's copyrighted music, and to produce discovery relating to Defendants'

bank accounts and corporate structure. (Dkt. 29, 30, 31.) Defendants also agreed to post an

$850,000 bond no later than December 30, 2016, though this never came to fruition despite

numerous assurances by Defendants' counsel that it would.

On December 30, 2016, Pinkzebra was notified that a new law firm would be appearing

in the litigation, though no appearances have been filed at this time and Pinkzebra has not

received any responses to its emails to new counsel. Exh. C. As of today, January 3, 2016,

Pinkzebra has not received any discovery relating to Defendants' bank accounts, has only

received limited discovery relating to Defendants' corporate structure, and the bond for the

agreed-upon $850,000 has not been posted.

## LEGAL STANDARD

Courts have the "inherent power to enforce compliance with their lawful orders through

civil contempt." *Armstrong v. Executive Office of the President, Office of Admin.*, 1 F.3d 1274,

1289 (D.C. Cir. 1993) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). To be held in

contempt, a party must have "violated an order that sets forth in specific detail an unequivocal

command from the court." *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001). The terms

of an injunction may qualify as such an unequivocal command, and a court's civil contempt

power may therefore be properly employed to enforce an injunction. *See S.E.C. v. Homa*, 514

F.3d 661, 674 (7th Cir. 2008) (noting that "the court whose order was defied must enforce the

injunction through the contempt power because contempt is, in essence, an affront to the court

that issues the order"). Proof of such a violation need only be by clear and convincing evidence.

*See Goluba v. Sch. Dist. of Ripon*, 45 F.3d 1035, 1037 (7th Cir. 1995) ("To win a motion for civil

contempt, a party must prove by clear and convincing evidence that the opposing party violated a

court order"). Clear and convincing evidence is evidence that creates "an abiding conviction that

the truth of [the movant's] factual contentions are 'highly probable.'" *Colorado v. New Mexico*,

467 U.S. 310, 316 (1984). Finally, willfulness is not required to show contempt; all that must be

shown is that a party "has not been reasonably diligent and energetic in attempting to accomplish

what was ordered." *Goluba*, 45 F.3d at 1037.

Once a court finds a party is in contempt, it may impose civil sanctions to coerce

compliance with the order and compensate parties for harm suffered as a result of the non-

compliance. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947). A

3

court has broad discretion in deciding sanctions for contempt. *See Dowell*, 257 F.3d at 694.

Appropriate sanctions include attorneys' fees and costs and fines. *See S. Suburban Hous. Ctr. V.*

*Berry*, 186 F.3d 851, 854 (7th Cir. 1999). Such sanctions "are properly imposed for two reasons:

to compel compliance with the court order and to compensate the complainant for losses caused

by contemptuous actions." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 757 (7th Cir. 2008).

**ARGUMENT**

█ ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████████████████████

(Dkt. 14 at 7.) ██████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

███████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████

█ █████████████████████████████████████████ (Exh. F)[1];

_____

[1] ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████



[REDACTED]

## B.     Defendants Continue to Withhold Bank Account and Entity Information

Defendants have still not produced any bank records despite receiving the TRO no later than December 14, 2016, numerous phone and email discussions, and two hearings where the Court Ordered Defendants to produce their bank records and corporate structure.

Defendants were ordered to provide this information in the TRO (§7(b)), and Pinkzebra has repeatedly requested this information, including on December 19, 20, 21, 22, 23, 27 and 30, 2016. Exh. D. In hearings on December 21, 22 and 23, 2016, the Court reminded Defendants of their duty to comply with its Order and to produce information about Defendants' "banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, or other merchant account providers, payment providers, third party payment processors, and credit card associations (e.g., MasterCard and VISA) that receive payments or hold assets on Defendants' behalf." (Dkt. 14.) Indeed, the Court stated: "You (Plaintiff) are entitled to get discovery [to TRO Sections 7(a & b)], and I gave you the authorization to do it." Dec. 23, 2016 Hearing Transcript, pg. 5, lns. 24-25, attached as Exh. E. Defendants have not produced any information about their bank accounts. In fact, Pinkzebra has located each bank account [REDACTED] , Pinkzebra is still discovering new accounts belonging to Defendants. As

6

late as December 30, 2016, Pinkzebra discovered that there are other PayPal accounts and other online vendors it was unaware of that were servicing Defendants' infringing products.

Defendants further have not provided sufficient information about "Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them." This was also part of the Court's orders. *See, e.g.*, *id.* Exh. E, pg. 5, lns. 24-25, pg. 22, lns. 19- & 23. Defendants have only produced one limited document about its corporate structure, which leaves 10% of the corporate ownership unknown, and sheds no light on how the Defendants are connected or how the Defendants are related. Nor have Defendants indicated whether the information they provided was complete, despite multiple requests.

Defendants have refused to give any indication to Pinkzebra that they will produce these documents, and have ignored and avoided directed requests for meet-and-confers about them. Accordingly, Pinkzebra respectfully requests that this Court again order Defendants to produce the documents requested nearly three weeks ago and award Pinkzebra its fees in pursuing this information.

**C.      Defendants Should be Sanctioned for Contempt of the TRO and Discovery Non-compliance**

Because of Defendants' actions ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇, and not producing the bank account information, Pinkzebra has had to spend substantial time and resources locating bank account and entity information, investigating various bank accounts, communicating with and serving those respective entities, and buying Defendants' infringing products. Accordingly, Pinkzebra requests its attorney's fees for the aforementioned tasks and costs associated with them. *See Teledyne Techs., Inc. v. Shekar*, No. 15-CV-1392, 2015 WL 3799559, at *12 (N.D. Ill. June 17, 2015) (awarding attorney's fees and costs for Defendant's violation of a TRO) (*citing S. Suburban Hous. Ctr. v. Berry,* 186 F.3d 851, 854 (7th Cir. 1999)).

Pinkzebra also requests that Defendants be fined $1,000 per day until Defendants fully comply

with the TRO, including retroactive punishment for violations of the TRO from when they were

served. *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 757 (7th Cir. 2008) (affirming sanctions of

$1,000 per day for non-compliance with a preliminary injunction, which totaled $321,000).

## CONCLUSION

Based on Defendants' continued willingness to ignore this Court's TRO and Orders,

Pinkzebra respectfully requests that this Court (a) compel Defendants to comply with the TRO

and produce documents relating to its organization and financial documents; (b) ████████

████████████████████████████████████████; (c) sanction

Defendants for violating the TRO; and, (d) award Pinkzebra its attorneys' fees, costs, and other

awards as this Court sees fit.

Dated:  January 3, 2017                                  RESPECTFULLY SUBMITTED,


                                                         By:/s/ Brian T. Noack
                                                         Adam Wolek
                                                         Brian Noack
                                                         Wolek & Noack
                                                         333 S. Wabash Avenue
                                                         Suite 2700
                                                         Chicago, IL  60604
                                                         P: 312.860.9006
                                                         F: 708.843.0509
                                                         adamw@wonoip.com
                                                         briann@wonoip.com
                                                         ***Counsel for Pinkzebra Music, LLC***

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on January 3, 2017, he caused this document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to counsel of record for each party, and emailed all known counsel unredacted versions of this motion.


Dated: January 3, 2017                                    WOLEK & NOACK


                                                          By:/s/  Brian T. Noack
                                                          Brian T. Noack