UNITED STATED DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PINKZEBRA MUSIC, LLC </br></br> Plaintiff, </br></br> v. </br></br> SHENZHEN WONDERSHARE INFORMATION TECHNOLOGY CO. LTD., AND WONDERSHARE SOFTWARE CO., LTD., ISKYSOFT STUDIO, AND AIMERSOFT STUDIO </br></br>Defendants. | Case Number: 16-cv-11099 </br></br> Judge: Hon. Joan B. Gottschall |

## COMPLAINT

Plaintiff Pinkzebra Music LLC brings this action against Defendants Shenzhen Wondershare Information Technology Company Limited, Wondershare Software Co., Ltd., iSkysoft Studio, and Aimersoft Studio for federal copyright infringement (Counts I-IV), contributory copyright infringement (Count V), vicarious copyright infringement (Count VI), and unjust enrichment (Count VII). As alleged in Pinkzebra's Complaint, Defendants are distributing and selling Pinkzebra's copyrighted music tracks as their own. Defendants have even created a YouTube video showing users how to falsely claim rights to the pirated music when presented with a take-down notice. In short, Defendants run a sophisticated music pirating operation with a reckless disregard for anything except generating profits.

## THE PARTIES

1. Plaintiff Pinkzebra Music, LLC ("Pinkzebra") is a limited liability company with its principal place of business at 2822 North Southport Avenue, Chicago, Illinois 60657.

2. Defendant Shenzhen Wondershare Information Technology Co., Ltd. (hereinafter "Wondershare"), upon information and belief, is an international consumer software company

1

owned and founded by Tobee Wu with its headquarters at 10/F, Block D, 5th Building, Shenzhen Software Industrial Base, Haitian 2nd Rd, Nanshan District, Shenzhen, Guangdong, People's Republic of China 518057, with additional offices/divisions in Hong Kong, Japan, Germany, Canada and the United States and a Merchant Billing Address of Third Floor 207 Regent Street, London, W1B 3HH, UK.

3. Defendant Wondershare Software Co., Ltd. (hereinafter "Wondershare Texas"), upon information and belief, is a software developer owned and founded by Tobee Wu with its corporate headquarters at 10685-B Hazelhurst Drive, Houston, Texas 77043, United States.

4. Defendant iSkysoft Studio (hereinafter "iSkysoft"), upon information and belief, is a software developer owned and founded by Tobee Wu with its headquarters at A801, 9/F, Block A, TCL Building, Gaoxin Ave. 1S., Nanshan District, Shenzhen, Guangdong, People's Republic of China 518057 and Merchant Billing Address at Third Floor 207 Regent Street, London, W1B 3HH, UK.

5. Defendant Aimersoft Studio (hereinafter "Aimersoft"), upon information and belief, is a software developer owned and founded by Tobee Wu with its headquarters at 10/F, Block D, 5th Building, Shenzhen Software Industrial Base, Haitian 2nd Rd, Nanshan District, Shenzhen, Guangdong, People's Republic of China 518057 and a Billing Address at Dept 906, 196 High Road, Wood Green, London.

**JURISDICTION AND VENUE**

6. This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. Sections 1331 and 1338. This Court has federal question jurisdiction in this matter in that Pinkzebra seeks damages and injunctive relief against Defendants named herein under Sections 501 through 505 and the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*,

and supplemental jurisdiction pursuant to 28 U.S.C. Section 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

7. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(3), and this Court may properly exercise personal jurisdiction over Defendants because each of the Defendants directly targets its business activities toward consumers in Illinois and causes harm to Pinkzebra's business within this Judicial District. Through at least the fully interactive commercial Internet websites operated by Defendants and the video editing software operated by Defendants, each of the Defendants has targeted sales from Illinois residents by operating and selling online video-editing software to residents in Illinois, by accepting payment in U.S. dollars and by selling pirated music tracks over the internet.

## INTRODUCTION

8. This action has been filed by Pinkzebra to combat online infringers and music pirates who distribute Pinkzebra's music tracks as their own, as part of their commercial video-editing software. The Defendants' software packages and web pages are designed to appear to users to be offering licensed and/or original tracks from Defendants, while actually selling pirated music tracks to unknowing consumers. The Defendants own and operate online video-editing software by the names of Filmora, Aimersoft and iSkysoft. The three software applications allow users to upload personal videos, edit the videos, and add pirated music tracks to their videos. In order for a user to export its completed, edited video, the user must purchase the software from Defendants. Defendants Wondershare and Wondershare Texas's product, Filmora, offers its software for either (i) $44.99 for a one-year license; (ii) $59.99 for a lifetime license, (iii) $179.97 for a lifetime license usable on two to five (2-5) computers, or (iv) $359.94

- $2999.50 for a lifetime license, based on number of computers (ranging from 6-100). Filmora boasts at least 5 million users. See Exhibit A. Defendants Wondershare and Wondershare Texas have a history of pirating music and both defendants even created a website to address the issue. See Exhibit B at FN 7. Defendants have even gone so far as to create a YouTube video that shows users how to falsely claim rights to the pirated music when presented with a YouTube take-down notice. Exhibit C. Pinkzebra is forced to file these actions to combat Defendants' infringement of its copyrights, as well as to protect unknowing consumers from purchasing pirated music tracks over the internet. Pinkzebra has been and continues to be irreparably damaged through Defendants' illegal infringement of his music tracks and, as a result of Defendants' actions, and seeks injunctive and monetary relief.

## FACTUAL BACKGROUND

### Plaintiff Pinkzebra

9.  Plaintiff Pinkzebra is owned by Sam Struyk, a well-known and accomplished American composer and contemporary pianist whose self-produced first album led to him being signed by Atlantic Records in 1991. Since then, Struyk has released four popular albums and was also part of the musical team behind the award-winning Bud Light advertising campaign, Real Men of Genius. Struyk is renowned for composing the music in famous and internationally recognized ad campaigns, including Bud Light, Nintendo, McDonald's, Capital One, State Farm and numerous others. Struyk likewise composed music for several independent films and TV, including the Oprah Winfrey Show, the Oprah and Friends XM Satellite radio show, and Oprah Winfrey's "Leadership Academy" prime time TV special devoted to her school in South Africa.

10. Struyk is a successful music producer and composer who operates under the pseudonym Pinkzebra ("*Pinkzebra*"). He has had his music performed by major symphony orchestras.

11. Over the past five years, *Pinkzebra* has become one of the most-licensed music composers in the world, with over 70,000 licenses sold. *Pinkzebra* has developed a devoted international fanbase of listeners who have been introduced to his music through its legal usage in viral YouTube videos, TV commercials, independent films, The Voice, and more. *Pinkzebra's* most popular track, "Larger Than Life," has been heard tens of millions of times on YouTube.

12. Sam Struyk, and his company Pinkzebra Music, LLC, offer his musical tracks on AudioJungle, a platform that allows composers to license their music around the world. Together they offer over 400 musical tracks on AudioJungle and have the "#1 top-selling AudioJungle portfolio."

13. AudioJungle created the license terms for all of Sam Struyk and Pinkzebra's musical tracks, but the license agreement is between Sam Struyk and/or Pinkzebra and a buyer directly. Each AudioJungle license expressly prohibits the distribution of the music track. When a user wants to use the same song in two video projects, that user must purchase two licenses for the same song.

14. Pinkzebra's music tracks "Larger than Life," "Walk Through Life," and "Spooky Fun," are available for personal listening vie iTunes, Spotify, Apple Music, Google Play, and Amazon and available for licensing on AudioJungle.

15. The song "Larger than Life" has been sold at least 3,760 times on AudioJungle as of the date of this Complaint.

5

16. The song "Walk Through Life" has been sold at least 2,107 times on AudioJungle as of the date of this Complaint.

17. The song "Spooky Fun" has been sold at least 261 times on AudioJungle as of the date of this Complaint.

18. Sam Struyk applied for registrations with the U.S. Copyright Office for the three songs, including, but not limited to:

| Copyright Application Number | Name | Year |
|---|---|---|
| 1-4018270031 | LARGER THAN LIFE | 2016 |
| 1-4018454675 | WALK THROUGH LIFE | 2016 |
| 1-4018454631 | SPOOKY FUN | 2016 |

19. On October 27, 2016, Struyk assigned all rights in and to "Larger Than Life", "Walk Through Life", and "Spooky Fun" to Pinkzebra.

20. Sam Struyk and/or Pinkzebra's music tracks are available for license under five different license terms. All five licenses expressly prohibit the distribution of the music track.

21. The license prohibits the redistribution of the music track, the use of the track in applications allowing a user to customize the track, and the extraction of the track and use separately from an end project. An example of an end project would be an audio book or an exercise DVD where the music is a background track. See Exhibit D.

22. The "Music Standard License" allows a user to use the music track in one end project. Such an end project may be copied or downloaded no more than 10,000 times. This is the most inexpensive license offered and it is available for $19.00.

23. The "Music Broadcast (1 Million)" license allows a user to use the music track in one end project and broadcast the project to one million viewers. The end project can be copied or downloaded no more than 10,000 times This license is available for $38.00.

24. The "Music Mass Reproduction" license allows a user to use the music track in one end project, broadcast the project to one million viewers, and allows the project to be copied or downloaded an unlimited amount of times. This license is available for $76.00.

25. The "Music Broadcast (10 Million)" license allows a user to use the music track in one end project, broadcast the project to ten million viewers, and allows the project to be copied or downloaded an unlimited amount of times. This license is available for $152.00.

26. The "Music Broadcast & Film" license allows a user to use the music track in one end project, broadcast the project to an unlimited broadcast audience, or a theatrically released film. The license allows the project to be copied or downloaded an unlimited amount of times. This license is available for $304.00.

**The Defendants**

27. Defendants are business entities who, upon information and belief, reside in the United States, Canada, The People's Republic of China, Japan, and Hong Kong. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of fully interactive commercial websites operating under the Defendants' names. Each Defendant targets the United States, including Illinois, and has distributed and continues to distribute its software, which includes pirated music tracks, to consumers within the United States, including the State of Illinois.

28. On information and belief, Defendants are an interrelated group of businesses, all owned by an individual named Tobee Wu, working in active concert to knowingly and willfully

7

distribute, offer for sale, and sell pirated music tracks along with their video-editing software packages. These software packages and add-ons included Pinkzebra's music tracks up until at least December 27, 2017, passed off as Defendants' own.

### Defendants' Unlawful Conduct

29. The success of Pinkzebra's musical compositions has in turn attracted infringers. Consequently, this has required Pinkzebra to retain diligent counsel in order to implement a world-wide anti-pirating program that regularly investigates suspicious websites and web applications, along with websites and applications reported by consumers. Internet websites such as Defendants' are estimated to receive tens of millions of visits per year and generate substantial sales. Internet websites and web applications that offer pirated products, like the Defendants', are estimated to contribute to substantial economic damages, such as lost tax revenue, every year.

30. Defendants facilitate sales of pirated tracks by selling video-editing software packages that appear to unknowing consumers to include licensed music tracks, developed and owned by Defendants. Many of the Defendants' web pages that offer the software look sophisticated and accept payment in U.S. Dollars via PayPal, Visa, MasterCard, Discover, American Express, Wire Transfer, and various other payment methods.

31. Pinkzebra has not authorized Defendants to use or distribute his music tracks.

32. Further, music pirates like Defendants typically operate multiple credit card merchant accounts and PayPal accounts so that they can continue operation in spite of enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from the PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of Defendant's PayPal transaction logs indicate that

Defendants regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

33. Defendants, without obtaining any rights from Pinkzebra, have knowingly and willfully used his music tracks and claimed them as their own tracks on their websites and in their video-editing software. Defendants offer this software for sale in the United States and the Northern District of Illinois over the internet. Each Defendant, on information and belief, has sold its software including pirated music tracks into the United States, including Illinois and this District. Defendants' conduct is irreparably harming Pinkzebra.

**Pirated Track No. 1, "Larger than Life"**

34. Defendants include Pinkzebra's music track "Larger than Life" in Filmora's, iSkySoft's and Aimersoft's free Summer Collection download for its video-editing software package. When a user downloads the free Summer Collection package, it prompts a Facebook post share.

35. Defendants' Summer Collection package allows Defendants' users to use "Larger than Life" for their own, individual video projects, and passes this track off as one of Defendants' own.

36. As of the date of this Complaint, Defendants' Summer Collection download, which includes the "Larger than Life" pirated track, has been downloaded at least 89,022 times. Exhibit E.

37. Defendants have not purchased any rights to use "Larger than Life" and instead claim it as their own, genuine track.

38. Defendants' users have not purchased any rights to use "Larger than Life" in their individual video projects.

39. Defendants Wondershare and Wondershare Texas's web pages further list "Larger than Life" and allows page-visitors to play the pirated music track.

40. Nowhere within any of Defendants' video-editing software packages, or on its web pages, do Defendants credit the owner, Pinkzebra, or the original creator, Sam Struyk, in any way.

### Pirated Track No. 2, "Walk Through Life"

41. Defendants include Pinkzebra's music track "Walk Through Life" in Filmora's, iSkysoft's and Aimersoft's free Summer Collection download for its video-editing software package. When a user downloads the free Summer Collection package, it prompts a Facebook post share.

42. Defendants' Summer Collection package allows Defendants' users to use "Walk Through Life" for their own, individual video projects, and passes this track off as one of Defendants' own.

43. As of December 6, 2017, Defendants' Summer Collection download, which includes the "Walk Through Life" pirated track, has been downloaded at least 89,022 times. Exhibit E.

44. Defendants have not purchased any right to use "Walk Through Life," and instead claim it as their own, genuine track.

45. Defendants' users have not purchased any rights to use "Walk Through Life" in their individual video projects.

46. Defendants Wondershare and Wondershare Texas's web pages further list "Walk Through Life" and allow page-visitors to play the pirated music track.

47. Nowhere within Defendants' video-editing software packages, or on its web pages, do Defendants credit the owner, Pinkzebra, or the original creator, Sam Struyk, in any way.

### Pirated Track No. 3 "Spooky Fun"

48. Defendants include Pinkzebra music track "Spooky Fun" in their main video-editing software package.

49. Defendants include Pinkzebra's music track "Spooky Fun" in Filmora's, iSkysoft's and Aimersoft's free Halloween Video Effects download for its video-editing software package. When a user downloads the free Halloween Video Effects package, it prompts a Facebook post share.

50. Defendants' video-editing software allows Defendants' users to use "Spooky Fun" for their own, individual video projects, and passes this track off as one of Defendants' own.

51. As of December 6, 2017, Defendants' Halloween Video Effects download, which includes the "Spooky Fun" pirated track, has been downloaded at least 52,885 times. Exhibit F.

52. Defendants have not purchased any rights to use "Spooky Fun," and instead claim it as their own, genuine track.

53. Defendants' users have not purchased any rights to use "Spooky Fun" in their individual video projects.

54. Nowhere within Defendants' video-editing software package or on its web page do Defendants credit the owner, Pinkzebra, or the original creator, Sam Struyk, in any way.

## COUNT I
## FEDERAL COPYRIGHT INFRINGEMENT WONDERSHARE

55. Pinkzebra repeats and realleges each allegation contained in paragraphs 1-54 as if contained herein

56. At all relevant times, Pinkzebra owned the copyrights and has applied for federal registration of the copyrights for the works "Larger than Life," "Walk Through Life," and "Spooky Fun."

57. Defendant knew Pinkzebra owned copyrights in the works "Larger than Life," "Walk Through Life," and "Spooky Fun," which have pending federal applications.

58. Without authorization, consent or permission, Defendant infringed on the copyright in each composition by reproducing, distributing, and selling the pirated songs "Larger than Life," "Walk Through Life," and "Spooky Fun" on its webpage and in its video-editing software.

59. Defendant has not paid any license fees or other compensation to Pinkzebra for Defendant's reproduction, copying, selling and unauthorized uses of Pinkzebra's work.

60. Defendant intentionally and willfully chose to copy and sell Pinkzebra's work without its permission.

61. As a result of Defendant's wrongful conduct, Defendant is liable to Pinkzebra for copyright infringement pursuant to 17 U.S.C. 501.

62. Pinkzebra is entitled to recover its attorney fees and costs.

## COUNT II
## FEDERAL COPYRIGHT INFRINGEMENT WONDERSHARE TEXAS

63. Pinkzebra repeats and realleges each allegation contained in paragraphs 1-63 as if contained herein.

64. At all relevant times, Pinkzebra owned the copyrights and has applied for federal registration of the copyrights for the works "Larger than Life," "Walk Through Life," and "Spooky Fun."

65. Defendant knew Pinkzebra owned copyright in the works "Larger than Life," "Walk Through Life," and "Spooky Fun," which have pending federal applications.

66. Without authorization, consent or permission, Defendant infringed on the copyright in each composition by reproducing, distributing, and selling the pirated songs "Larger than Life," "Walk Through Life," and "Spooky Fun" on its webpage and in its video-editing software.

67. Defendant has not paid any license fees or other compensation to Pinkzebra for Defendant's reproduction, copying, selling and unauthorized uses of Pinkzebra's work.

68. Defendant intentionally and willfully chose to copy and sell Pinkzebra's work without its permission.

69. As a result of Defendant's wrongful conduct, Defendant is liable to Pinkzebra for copyright infringement pursuant to 17 U.S.C. 501.

70. Pinkzebra is entitled to recover its attorney fees and costs.

## COUNT III
## FEDERAL COPYRIGHT INFRINGEMENT ISKYSOFT

71. Pinkzebra repeats and realleges each allegation contained in paragraphs 1-72 as if contained herein.

72. At all relevant times, Pinkzebra owned the copyrights and has applied for federal registration of the copyrights for the works "Larger than Life," "Walk Through Life," and "Spooky Fun."

73. Defendant knew Pinkzebra owned copyrights in the works "Larger than Life," "Walk Through Life," and "Spooky Fun," which have pending federal applications.

74. Without authorization, consent or permission, Defendant infringed on the copyright in each composition by reproducing, distributing, and selling the pirated songs "Larger than Life," "Walk Through Life," and "Spooky Fun" in its video-editing software.

75. Defendant has not paid any license fees or other compensation to Pinkzebra for Defendant's reproduction, copying, selling and unauthorized uses of Pinkzebra's work.

76. Defendant intentionally and willfully chose to copy and sell Pinkzebra's work without its permission.

77. As a result of Defendant's wrongful conduct, Defendant is liable to Pinkzebra for copyright infringement pursuant to 17 U.S.C. 501.

78. Pinkzebra is entitled to recover its attorney fees and costs.

## COUNT IV
## FEDERAL COPYRIGHT INFRINGEMENT AIMERSOFT

79. Pinkzebra repeats and realleges each allegation contained in paragraphs 1-81 as if contained herein.

80. At all relevant times, Pinkzebra owned the copyrights and has applied for federal registration of the copyrights for the works "Larger than Life," "Walk Through Life," and "Spooky Fun."

81. Defendant knew Pinkzebra owned copyrights in the works "Larger than Life," "Walk Through Life," and "Spooky Fun," which have pending federal applications.

82. Without authorization, consent or permission, Defendant infringed on the copyright in each composition by reproducing, distributing, and selling the pirated songs "Larger than Life," "Walk Through Life," and "Spooky Fun" in its video-editing software.

83. Defendant has not paid any license fees or other compensation to Pinkzebra for Defendant's reproduction, copying, selling and unauthorized uses of Pinkzebra's work.

84. Defendant intentionally and willfully chose to copy and sell Pinkzebra's work without its permission.

85. As a result of Defendant's wrongful conduct, Defendant is liable to Pinkzebra for copyright infringement pursuant to 17 U.S.C. 501.

86. Pinkzebra is entitled to recover its attorney fees and costs.

## COUNT V
## CONTRIBUTORY COPYRIGHT INFRINGEMENT ALL DEFENDANTS

87. Pinkzebra repeats and realleges each allegation contained in paragraphs 1-90 as if contained herin.

88. Thousands of individuals directly infringed Pinkzebra's copyrighted works when they downloaded Defendants' video-editing software, which contained an unauthorized copy of Pinkzebra's song "Spooky Fun."

89. Thousands of individuals directly infringed Pinkzebra's copyrighted works when they downloaded Defendants' Summer Collection package, which contained unauthorized copies of Pinkzebra's songs "Larger than Life" and "Walk Through Life."

90. Thousands of individuals directly infringed Pinkzebra's copyrighted works when they downloaded Defendants' Halloween Video Effects Package that contained an unauthorized copy of Pinkzebra's song "Spooky Fun."

91. Defendants have and continue to knowingly and systematically materially contribute to, intentionally induce, and/or cause unauthorized reproductions and distributions of Pinkzebra's songs.

92. The actions and conduct of Defendants, as alleged above in this Complaint, constitute contributory copyright infringement.

93. Defendants' acts of infringement were and are willful, in disregard of, and with indifference to, Pinkzebra's rights.

94. As a direct and proximate result of Defendants' infringements, Pinkzebra is entitled to damages and Defendant's profits in amounts to be proven at trial. If necessary, Pinkzebra will seek leave to amend this Complaint to state the full amount of such damages and profits when such have been ascertained.

95. Pinkzebra is entitled to its attorney fees and costs.

96. As a result of Defendants' conduct, Pinkzebra has sustained and will continue to sustain irreparable injury. Pinkzebra is thus entitled to preliminary and injunctive relief.

97. Pinkzebra also seeks an accounting of all monies collected by Defendants from all exploitation of any kind of the pirated music tracks.

## COUNT VI
## VICARIOUS COPYRIGHT INFRINGEMENT ALL DEFENDANTS

98. Pinkzebra repeats and realleges each allegation contained in paragraphs 1-102 as if contained herein.

99. Thousands of individuals directly infringed Pinkzebra's copyrighted works when they downloaded Defendants' video-editing software, which contained an unauthorized copy of Pinkzebra's song "Spooky Fun."

100. Thousands of individuals directly infringed Pinkzebra's copyrighted works when they downloaded Defendants' Summer Collection package, which contained unauthorized copies of Pinkzebra's songs "Larger than Life" and "Walk Through Life."

101. Thousands of individuals directly infringed Pinkzebra's copyrighted works when they downloaded Defendants' Halloween Video Effects Package that contained an unauthorized copy of Pinkzebra's song "Spooky Fun."

102. Defendants at all relevant times had and continue to have the right and ability to supervise and control the infringement of Pinkzebra's songs "Larger than Life," "Walk Through Life," and "Spooky Fun."

103. Defendants have refused to exercise supervision or control to the extent required by law. As a direct and proximate result of such refusal, Defendants have all infringed Pinkzebra's copyrights in his three songs by reproducing, distributing and selling Pinkzebra's works.

104. Defendants derived and continue to derive a direct financial benefit from the infringements of Pinkzebra's three songs.

105. Defendants' acts of infringement were willful, in disregard of and with indifference to Pinkzebra's rights.

106. As a direct and proximate result of Defendants' infringements, Pinkzebra is entitled to damages and Defendant's profits in amounts to be proven at trial. If necessary, Pinkzebra will seek leave to amend this Complaint to state the full amount of such damages and profits when such have been ascertained.

107. Pinkzebra is entitled to its attorney fees and costs.

108. As a result of Defendants' conduct, Pinkzebra has sustained and will continue to sustain irreparable injury. Pinkzebra is thus entitled to preliminary and injunctive relief.

109. Pinkzebra also seeks an accounting of all monies collected by Defendants from all exploitation of any kind of the pirated music tracks.

## COUNT VII
## UNJUST ENRICHMENT AGAINST ALL DEFENDANTS

110. Pinkzebra repeats and realleges each allegation contained in paragraphs 1-115 as if contained herein.

111. Pinkzebra's ownership of the rights to distribute and the rights to license the use of his compositions "Larger than Life," "Walk Through Life," and "Spooky Fun" are valuable assets to Pinkzebra.

112. By reproducing, distributing, and selling Pinkzebra's three songs without permission or authorization, and allowing other users to use the songs without paying compensation to Pinkzebra, Defendants have appropriated a valuable asset belonging to Pinkzebra.

113. By failing to pay proper compensation to Pinkzebra for the use of his three songs, Defendants have retained Pinkzebra's benefit and such retention violates the fundamental principles of justice, equity and good conscience.

## PRAYER FOR RELIEF

Plaintiff Pinkzebra prays that this Court grant the following relief:

1. Permanently restrain and enjoin Defendants from infringing and using Pinkzebra's federal and common law copyrights in any manner, and specifically prevent Defendants from distributing copies of Pinkzebra's three songs with their video-editing software;

2. Order a full accounting from Defendants arising out of the sales activities relating to any of Pinkzebra's rights, and render a judgment for the balance due to Pinkzebra;

3. Award Pinkzebra its actual damages and Defendant's profits attributed to Defendants' acts of infringement;

4. Order disgorgement of any money Defendants have retained through unjust enrichment;

5. Award Pinkzebra its attorney fees and costs; and

6. Award such other relief as is warranted by the facts and law and is just under the circumstances.

## JURY DEMAND

Plaintiff Pinkzebra demands a jury trial on all issues so triable.

| | |
|---|---|
| Dated: January 27, 2017 | By: /s/ Brian T. Noack<br>Adam Wolek<br>Brian Noack<br>Wolek & Noack<br>333 S. Wabash Avenue<br>Suite 2700<br>Chicago, IL  60604<br>P: 312.860.9006<br>F: 708.843.0509<br>adamw@wonoip.com<br>briann@wonoip.com<br>*Counsel for PINKZEBRA MUSIC, LLC* |

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on January 27, 2017, he caused this document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to counsel of record for each party.

Dated: January 27, 2017                                WOLEK & NOACK


By: /s/ Brian T. Noack

Brian T. Noack