UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PINKZEBRA MUSIC, LLC, | ) |
| | ) |
| Plaintiff, | ) Case No.: 16-cv-11099 |
| | ) |
| v. | ) Judge: Hon. Joan B. Gottschall |
| | ) |
| SHENZHEN WONDERSHARE | ) |
| INFORMATION TECHNOLOGY CO. LTD., | ) |
| WONDERSHARE SOFTWARE CO., | ) |
| ISKYSOFT STUDIO, and AIMERSOFT | ) |
| STUDIO, | ) |
| Defendants. | ) |

**Discovery Plan and Case Management Order**

Pursuant to Federal Rule of Civil Procedure 16(b), the following case management order and discovery protocol proposed and agreed to by Plaintiff Pinkzebra Music, LLC ("Pinkzebra") and Defendants Shenzhen Wondershare Information Technology Co. Ltd., Wondershare Software Co., iSkysoft Studio, and Aimersoft Studio (collectively, "Defendants") (the "Parties") governs this case:

1. Background:   The Parties have met and conferred through their respective attorneys and reached the following agreements regarding the efficient management of this case, including electronic discovery in line with Principles Relating to the Discovery of Electronically Stored Information of the Seventh Circuit Electronic Discovery Pilot Program.

2. Service of Process:    Completed.

3. Nature of the Case:    Pinkzebra alleges that Defendants are willfully infringing its copyrighted music tracks, "Walk Through Life," "Larger Than Life," and "Spooky Fun," and that Defendants are committing direct, contributory and induced copyright infringement, and were unjustly enriched by including these music tracks as part of their video-editing software, including Filmora, Aimersoft, and iSkysoft Studio.

Defendants deny that any infringement has occurred. Defendants claim to have had a license to the music tracks at all relevant times. Defendants deny that the music tracks are included as part of their video-editing software, and deny that any purported infringement has been willful.  Defendants anticipate that discovery will encompass Plaintiff's prior licensing practices, Plaintiff's royalties and income for other musical works, Plaintiff's relationship with third parties such as AudioJungle, Plaintiff's copyright registrations, and Plaintiff's alleged authorship. Defendants anticipate expert discovery relating to both alleged infringement as well as damages.

1

    4.   <u>Discovery</u>:   See the remainder of this Discovery Plan and Case Management Order.

    5.   <u>Settlement</u>:   Pinkzebra has made a settlement demand. Defendants are considering their response to this demand. The parties may advise the court if they jointly believe settlement conference would be productive.

*General Case Management Matters:*

    6.   The Parties consent to service of pleadings and other papers by e-mail pursuant to Rule 5(b)(2)(E).

    7.   The Parties agree to produce documents in line with the Agreed Confidentiality Order governing the discovery and filing of confidential materials in this case, entered by this Court on January 24, 2017 as Dkt. 62.

    8.   To the extent a Party obtains an English translation of a foreign language document that it produces, or has an English version of the document, that Party must produce the English translation or version. A party seeking a deposition shall bear the cost of the official translator for that deposition.

    9.   The Parties agree that the schedule and deadlines set forth in the attached Exhibit 1 shall govern this case.

*Privileged Materials:*

    10. The Parties agree that any materials protected from discovery by the attorney-client privilege or the work product doctrine and created after December 6, 2016, the date of the complaint in this case, solely for the purposes of this litigation, do not need to be identified on a log of withheld documents under Rule 26(b)(5).

*Third-Party Discovery:*

    11. A party that serves a subpoena on a non-party (the "Issuing Party") shall include a copy of the Agreed Confidentiality Order, Dkt. 62, with the subpoena.

    12. The Issuing Party shall promptly produce to all other parties all documents and things obtained from any non-party by subpoena.

*Electronic Discovery:*

    13. **Preservation**. The Parties acknowledge and agree to abide by their respective obligations to take reasonable steps to preserve discoverable documents and things in their possession, custody, or control.
        a)    Absent a showing of good cause by the requesting party, the Parties shall not be required to modify, on a going-forward basis, the procedures used by them in the

ordinary course of business to back up or archive data; provided, however, that the Parties shall preserve the non-duplicative discoverable information in their possession, custody, or control.

b) Absent a showing of good cause by the requesting party, the Parties agree that following categories of ESI are not proportional to the needs of the case, and need not be preserved, restored, or collected:

1. "deleted," "slack," "fragmented," or "unallocated" data on hard drives, provided that "deleted" data was not deleted after the Party anticipated litigation;
2. random access memory (RAM) or other ephemeral data;
3. temporary internet files, history, caches, and cookies;
4. data in metadata fields that are frequently updated automatically, such as last-opened dates;
5. archival or disaster recovery back-up data;
6. server, system, or network logs;
7. backup data that is substantially duplicative of data that is more accessible elsewhere; and
8. other forms of ESI whose preservation requires extraordinary affirmative measures that are not utilized in the ordinary course of business.

14. **Collection and Production**. Each party shall be responsible for generating a search protocol that it believes in good faith will return a reasonably high proportion of documents and things responsive to each party's requests for production. Each Party shall disclose its above-described search protocol to all other parties in this case upon request; that is, each Party agreed that its respective search protocol or methodology is not protected from discovery by the attorney-client privilege or the work product doctrine. The Parties agree to work together with respect to requests for reasonable modifications or additions to their respective search protocol or methodology.

15. **Production Format**. The Parties agree to produce all documents electronically, and ESI in its native format wherever possible, and in single-page TIFF format where native format is not available, in each case with an appropriate load file for loading into an e-discovery platform.

16. **De-duplication**. A party is only required to produce a single copy of a responsive document. The Parties may de-duplicate stand-alone documents or entire document families using MD5 value matching. While common system files defined by the NIST library (http://www.nsrl.nist.gov/) need not be produced, attachments to e-mails shall not be eliminated from the parent e-mail, and paper documents shall not be eliminated as duplicates of responsive ESI. To the extent the Parties de-duplicate stand-alone electronic documents against an e-mail attachment, the attachment to the e-mail must be the document that is produced. ESI that is not an exact duplicate may not be removed.

**Discovery and Trial Schedule**

| Event | Date |
|---|---|
| Deadline to Provide Initial Disclosures | March 17, 2017 |
| Deadline to Add Parties or Amend Pleadings | May 19, 2017 |
| Written and Document Fact Discovery Closes | July 21, 2017 |
| Deadline for Fact-Witness Deposition | September 1, 2017 |
| Status Conference at 9:30 a.m. | September 8, 2017 |
| Deadline to File Initial Expert Reports | October 13, 2017 |
| Deadline to File Responsive Expert Reports | November 17, 2017 |
| Expert Discovery Closes | December 22, 2017 |
| Status Conference at 9:30 a.m. | January 5, 2018 |
| Deadline for Filing Expert *Daubert* Motions | January 26, 2018 |
| Deadline for Filing Dispositive Motions | January 26, 2018 |
| Deadline for Filing Opposition to Expert *Daubert* Motions | February 16, 2018 |
| Deadline for Filing Opposition to Dispositive Motions | February 16, 2018 |
| Deadline for Filing Reply in Support of Expert *Daubert* Motions | March 9, 2018 |
| Deadline for Filing Reply in Support of Dispositive Motions | March 9, 2018 |
| Trial Estimate (On or After) | May 7, 2018 |

Date:  March 13, 2017                           /s/
                                                                       Joan B. Gottschall
                                                                        United States District Judge