UNITED STATED DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PINKZEBRA MUSIC, LLC, | ) |
| | ) Case No. 16-cv-11099 |
| Plaintiff, | ) |
| | ) Judge: Hon. Joan B. Gottschall |
| v. | ) |
| | ) |
| SHENZHEN WONDERSHARE INFORMATION TECHNOLOGY CO. LTD., WONDERSHARE SOFTWARE CO., LTD., ISKYSOFT STUDIO and AIMERSOFT STUDIO | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR LEAVE TO FILE A SURREPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ADVERSE INFERENCE AND TO COMPEL DISCOVERY COMPLIANCE**

Defendant Shenzhen Wondershare Information Technology Co., Ltd. ("Wondershare"), respectfully requests leave to file the attached Surreply in Opposition to Plaintiff's Motion for Adverse Inference and to Compel Discovery Compliance, and in support thereof, states as follows:

A surreply is warranted because Plaintiff introduced several new arguments in its Reply Brief that were not previously presented, including that (1) Wondershare does "not dispute that [its] accused software contained Pinkzebra's songs" (Rep. Br. at 2; *see id*. ("despite conceding that their software contained the accused music tracks…") (in fact, Wondershare disputed that exact issue in its verified interrogatory responses); (2) Wondershare's "main defense is that it communicated with Envato" and "was granted a license to Pinkzebra's music through those communications," but that Wondershare "failed to produce these documents during fact discovery" (Rep. Br. at 8) (in fact, those documents were the first produced in this case, before Plaintiff had produced a single document); and (3) Wondershare purportedly "concedes" that it

1

"refused to produce many documents from the requests" (Rep. Br. at 3.) In short, Plaintiff's Reply Brief grossly mischaracterizes Wondershare's statements and "concessions," as well as the facts and history of this case, in yet another attempt to mislead the Court into issuing an order harmful to Wondershare's interests.

Moreover, in its original motion, Plaintiff cited no authority whatsoever in support of its request for attorney's fees. After Wondershare highlighted that fact in its Response Brief, Plaintiff raised new arguments in its Reply Brief, including (1) that Rule 37(d) purportedly "requires" attorney's fees to be awarded in this situation; and (2) Plaintiff's citation to three cases that Plaintiff never raised or relied on in its original motion. Furthermore, Plaintiff grossly mischaracterized all three of those cases to suggest that the facts there were analogous to this case. In fact, however, the facts and procedural histories for all three of those cases are readily distinguishable from this case. In the interest of equity, Wondershare must be allowed to respond to these new arguments, and to explain why the cases Plaintiff cited for the first time in its Reply Brief do not support its request for fees.

Granting a motion for leave to file a surreply is within the Court's discretion. *See Johnny Blastoff, Inc. v. L.A. Rams*, 188 F.3d 427, 439 (7th Cir. 1999). In certain cases, allowing a party to file a surreply "vouchsafes the aggrieved party's right to be heard and provides the court with the information necessary to make an informed decision." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 329 (N.D.Ill.2005); *see also Franek v. Walmart Stores, Inc.*, No. 08-CV-0058, 2009 WL 674269, * 19 n. 14 (N.D.Ill. Mar.13, 2009) (recognizing that a surreply may be appropriate "when a moving party 'sandbags' an adversary by raising new arguments in a reply brief"); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir.1996) (determining that the district court should have given the nonmoving party an opportunity to respond to new evidence raised in the

movant's reply). In this district, a surreply is warranted (1) to allow a party to address new arguments that the moving party "made for the first time in its reply brief"; and (2) "to correct 'gross mischaracterizations'" in a reply brief. *See In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 838, 857 (N.D. Ill. 2015).

Here, a surreply brief is necessary to enable Wondershare to address the new arguments noted above—together with Plaintiff's newly-cited authorities that allegedly support its request for fees. Accordingly, the Court should exercise its discretion, and grant the instant motion, to enable Wondershare to properly respond to and address the new claims and arguments Plaintiff has raised for the very first time in its reply brief. *See University Healthsystem Consortium v. UnitedHealth Group, Inc.*, 68 F.Supp.3d 917, 922 (N.D.Ill. 2014) (granting motion for leave to file surreply). In accordance with the Rules, Wondershare has attached a copy of its proposed Surreply Brief hereto as Exhibit 1.

### III. CONCLUSION

WHEREFORE, Wondershare respectfully requests that this Court grant it leave to file the attached Surreply Brief in Opposition to Plaintiff's Motion for an Adverse Inference and to Compel Discovery Compliance.

DATED: October 2, 2017

Respectfully submitted,

SHENZHEN WONDERSHARE INFORMATION TECHNOLOGY CO. LTD.

By */s/ Barry R. Horwitz*
    Richard D. Harris
    Cameron M. Nelson
    Barry R. Horwitz
    Weisun Rao
    GREENBERG TRAURIG, LLP
    77 West Wacker Dr., Suite 3100
    Chicago, Illinois 60601
    Tel: 312-456-8400

**CERTIFICATE OF SERVICE**

    I hereby certify that on the date set forth below, I electronically filed the foregoing DEFENDANTS' MOTION FOR LEAVE TO FILE A SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR AN ADVERSE INFERENCE AND TO COMPEL DISCOVERY COMPLIANCE with the Clerk of Court using the CM/ECF system, which will send notification of such filings to all counsel of record.


Dated: October 2, 2016                    /s/ Barry R. Horwitz

4